# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

___

| | |
|---|---|
| **CURTIS DONALD NELSON, JR.,** | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 2:19-cv-02195-JTF-cgc |
| | ) |
| **METHODIST HOSPITALS,** | ) |
| | ) |
| Defendant. | ) |

___

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION AND DISMISSING CASE
___

Before the Court is Plaintiff Curtis Donald Nelson, Jr.'s *pro se* Complaint against Defendant Methodist Hospitals filed on March 25, 2019. (ECF No. 1.) Plaintiff also filed a Motion seeking leave to proceed *in forma pauperis*, which was granted on May 23, 2019. (ECF No. 8.) The Magistrate Judge, upon screening Plaintiff's Complaint, entered a Report and Recommendation suggesting dismissal of the Complaint for failure to state a claim and lack of subject matter jurisdiction. (ECF No. 9.) No objections were filed by either party. For the reasons below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation to **DISMISS** Plaintiff's Complaint.

## FACTUAL HISTORY

In the Report and Recommendation, the Magistrate Judge provides no factual history because Plaintiff failed to allege any facts to support his Complaint. (ECF No. 9, 1.)

1

## **LEGAL STANDARD**

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The district court reviews a magistrate judge's proposed findings and recommendation. The standard of review that is applied depends on the nature of the matter considered by the magistrate judge. *See Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003) (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Board of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674.

28 U.S.C. § 1915(e)(2) Screening

Pursuant to Local Rule 4.1, service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2)(B). LR 4.1(b). Specifically, courts are required to screen *in forma pauperis* complaints and dismiss any complaint, or portion thereof, if the allegation of poverty is untrue or if the action (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Standard of Review for Failure to State a Claim

In assessing whether Plaintiff's Complaint states a claim upon which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (alteration in original) (quoting *Iqbal*, 556 U.S. at 681). Additionally, although not free from basic pleading requirements, *pro se* pleadings are "held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Curtin*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Even so, *pro se* litigants must adhere to the Federal Rules of Civil Procedure, and the Court cannot create a claim that has not been spelled out in a pleading. *Falkner v. United States*, No. 11-2982-STA-cgc, 2012 U.S. Dist. LEXIS 93372, at *16 (W.D. Tenn. July 6, 2012).

## ANALYSIS

The Court agrees with and adopts the Magistrate Judge's recommendation that Plaintiff's Complaint be dismissed for failure to state a claim and lack of subject matter jurisdiction. As found by the Magistrate, Plaintiff's Complaint fails to state a claim because Plaintiff fails to allege the two elements necessary for a claim under 42 U.S.C. § 1983—(1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). Plaintiff did not state in what manner Defendants acted under color of state law and what actions Defendant took to deprive Plaintiff of rights secured by the "Constitution and laws" of the United States. Moreover, the Court adopts the Magistrate Judge's recommendation that Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction. "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). As found by the Magistrate, Plaintiff seems to be pursuing claims of "medical malpractice / defamation of character pain and suffering," which would exist under the law of the State of Tennessee. For this Court to have jurisdiction over claims of such nature, Plaintiff would have to demonstrate that the matter in controversy exceeds the sum or value of $75,000 and the matter is between citizens of different states. 28 U.S.C. §1332(a). While Plaintiff seeks "4 Billion dollars U.S.", Plaintiff's Complaint does not allege the citizenship of Defendant, nor has Plaintiff demonstrated or asserted that diversity jurisdiction exists. (*See* ECF No. 1.) Accordingly, dismissal for failure to state a claim and for lack of subject matter jurisdiction is appropriate.

The Court also agrees with the Magistrate Judge's recommendation that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that Plaintiff may not appeal the above determination *in forma pauperis* because such an appeal would not be taken in good faith. (ECF 9.) Plaintiff did not object to the Report and Recommendation. Under 28 U.S.C. § 1915(a)(3), "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "The good faith standard is an objective one" and considers whether the litigant seeks appellate review of any nonfrivolous issue. *Beard v. Memphis, TN Crim. & Judicial Sys.*, No. 17-2184-STA-cgc, 2017 U.S. Dist. LEXIS 100175, at *8 (W.D. Tenn. June 16, 2017). Additionally, courts hold that it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendant, while simultaneously finding that the claim has sufficient merit to support an appeal *in forma pauperis*. *Id.* at *9. Accordingly, the same considerations that favor dismissal of Plaintiff's Complaint also compel the conclusion that an appeal here would be frivolous and, thus, not taken in good faith. *See id.* at *8. Accordingly, this Court certifies, pursuant to 28 U.S.C. § 1915(a), that an *in forma pauperis* appeal in this case by Plaintiff would not be taken in good faith, and thus, may not be taken.

## CONCLUSION

Upon a *de novo* review, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation to **DISMISS** Plaintiff's 42 U.S.C. § 1983 claims with prejudice for failure to state a claim and **DISMISS** Plaintiff's claims of "medical malpractice / defamation of character pain and suffering" without prejudice for lack of subject matter jurisdiction. The Court **CERTIFIES** that Plaintiff may not appeal the determination herein *in forma pauperis*.

**IT IS SO ORDERED** this 20th day of November 2019.

                                                                                *s/John T. Fowlkes, Jr*.
                                                                                JOHN T. FOWLKES, JR.
                                                                                UNITED STATES DISTRICT JUDGE